IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYSHON LAMONT MOODY,<br><br>Plaintiff,<br><br>v.<br><br>A. SCOTLAND, et al.,<br><br>Defendants. | No. 2:22-CV-2020-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion to dismiss, ECF No. 17.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

///

///

Furthermore, "the Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original civil rights complaint. See ECF No. 1. Plaintiff, an inmate at California State Prison – Sacramento (CSP-Sac), names the following as defendants: (1) Antronne Scotland, Assistant Warden at CSP-Sac; (2) Amy Johnson, Assistant Warden at CSP-Sac; (3) David Caraballo, Lieutenant at CSP-Sac; and (4) Jose Abarca, Lieutenant at CSP-Sac. See id.

Plaintiff claims Defendants violated his right to due process in January 2022 when they failed to hold Plaintiff's Rules Violation Report (RVR) hearing within the regulated thirty (30) days. Id. at 3. Plaintiff claims he suffered mental and emotional distress, anxiety from fear of reprisal, and a loss of privileges. Id. Plaintiff alleges that he was charged on July 24, 2021, and was served his first copy of the RVR on August 4, 2021. Id. The hearing was postponed until December 13, 2021. Id.

///
///
///

Plaintiff's allegations as to each named defendant are summarized below.

### Defendant Scotland

Plaintiff alleges Defendant Scotland signed and authorized a "falsified" RVR. Id. Plaintiff contends the RVR states "December 13, 2021, to today, January 13, 2022, is within thirty (30) days; therefore, all time constraints have been met." Id. Plaintiff contends that the RVR is false because the aforementioned time range is, in fact, thirty-one (31) days. Id. Plaintiff contends this was a violation of California Code of Regulations (CCR) Title 15. Id.

### Defendant Caraballo

Plaintiff asserts that at his RVR hearing, which was rescheduled to January 26, 2022, Defendant Caraballo was prejudiced when he twice held that Plaintiff was guilty. See id. at 4. Plaintiff contends that Defendant's findings were prejudiced because Defendant "never read statements or reviewed[ed] evidence in front of [him] . . . He had pre-determined and bias beliefs about [him]." Id. (alteration to original).

### Defendant Johnson

Plaintiff alleges that Defendant Johnson signed off on the document containing the guilty verdict. Id. Plaintiff alleges no other facts to support his claim against this defendant.

### Defendant Abarca

Plaintiff's complaint does not include facts related to Defendant Abarca.

## II. DISCUSSION

In their motion to dismiss, Defendants argue: (1) Plaintiff fails to state a due process claim; (2) violations of state regulations and allegedly false statements in Plaintiff's RVR are insufficient to support a due process claim; and (3) Plaintiff does not plead sufficient facts to establish that any defendant violated his rights. See ECF No. 17, pgs. 5-10. For the reasons discussed below, the Court agrees and finds that Plaintiff's original complaint should be dismissed with leave to amend.

///

///

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

Defendants first argue Plaintiff "cannot state a due process claim based on the proceedings or outcome of the first RVR hearing." Id. at 5.

///

///

///

Defendants contend that because the RVR was reissued and reheard, Plaintiff's Due Process claims related to the first hearing are foreclosed.  See ECF No. 17, pg. 6.  Defendant cites Raditch v. United States, 929 F.2d 478 (9th Cir. 1991), wherein the plaintiff's disability payments were terminated after the Office of Workers' Compensation Programs (OWCP) determined he was no longer disabled.  Raditch v. United States, 929 F.2d 478, 478 (9th Cir. 1991).  However, because the OWCP failed to provide proper notice to the plaintiff, the termination was vacated.  Id.  The OWCP requested the plaintiff's personal information to determine whether he was entitled to have his payments reinstated.  Id. at 481.  The plaintiff did not respond to OWCP's requests and claimed that he should have his payments reinstated without providing any further information.  Id. at 481.  The Ninth Circuit ruled against the plaintiff, finding he was not entitled to an automatic reinstatement of his payments and that a "violation of procedural rights requires only a procedural correction."  Id.

The Court agrees that the pending case involves a procedural violation, and thus, only requires a procedural correction.  See id.  Title 15, section 3320 of the California Code of Regulations (CCR) deals with Hearing Procedures and Time Limitations, and states that the denial or forfeiture of credits will be precluded if the following occurs:

> The disciplinary hearing was not held within 30 days of the date the inmate was provided a classified copy of the RVR, unless the inmate requested and was granted a postponement of the hearing pending outcome of the referral pursuant to section 3316, exceptional circumstances as defined in Section 3000 exist, or if the inmate is transferred out of the custody of the department.

Cal. Code Regs. tit. 15, § 3320.

By including this language, the Court infers that the legislature intended to allow disciplinary hearings to be held beyond the regulated thirty-day period.  Furthermore, as noted above, due process is satisfied where there is some evidence in the record as a whole which supports the decision of the hearing officer, and where the following minimum requirements have been met:

> (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses

        would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.

        Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974); see Superintendent v. Hill, 472 U.S. 445, 455 (1985); Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

There is nothing in Plaintiff's claim that demonstrates the above standard was not met. See ECF No. 1. The Court finds that, so long as the denial or forfeiture of credits was precluded, the legislature intended the reissuance of the RVR and holding another hearing within the regulated time period to be a proper procedural correction. See Cal. Code Regs. tit. 15, § 3320

Defendants next argue that Plaintiff fails to state a claim "because he fails to allege any interest that would trigger due process protections." ECF No. 17, pg. 6. Defendants cite Serrano v. Francis, 345 F.3d 1071 (9th Cir. 2003), wherein the court held that due process protections "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). The three factors considered by the Ninth Circuit when determining whether an atypical and significant hardship exists are also cited by Defendants, namely

        (1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence."

        Id. (quoting Sandin, 515 U.S. at 486-87).

Defendants contend that Plaintiff "does not allege any conditions that Plaintiff was subjected to because of the RVR, does not allege what if any penalty was ultimately imposed, and does not provide any indication that the RVR could have any effect on his sentence." ECF No. 17, pg. 7.

///

1          The Court agrees.  Plaintiff does not plead sufficient facts to determine whether
2  the disciplinary action that resulted from the RVR hearing implicated one of his "protected liberty
3  interests in some 'unexpected matter'" or resulted in "atypical and significant hardship."  Serrano
4  345 F.3d at 1078 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).  However, the Court
5  disagrees with Defendants' assertion that Plaintiff *cannot* allege sufficient facts to demonstrate a
6  violation of his protected interests merely because regulations disallowed credit forfeiture to be
7  imposed as a penalty.  See ECF No. 17, pg. 7.  Without knowing the consequences resulting from
8  the RVR hearing holding, the Court cannot determine if a violation has occurred.  Thus, the Court
9  recommends that Plaintiff be granted leave to amend

10         Next, Defendants argue that Plaintiff's claims are insufficient to constitute a
11 federal constitutional claim.  See ECF No. 17, pg. 8.  Defendants cite to Bostic v. Carlson, 884
12 F.2d 1267 (9th Cir. 1989), in which the court held "if the regulations stated that a prisoner was
13 entitled to a hearing within [a certain amount of time], the . . . failure to meet that guideline would
14 not alone constitute a denial of due process."  Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir.
15 1989), citing Hewitt v. Helms, 459 U.S. 460, 477 (1983), (overruled on other grounds by Nettles
16 v. Grounds, 830 F.3d 922 (9th Cir. 2016); see Hewitt v. Helms, 459 U.S. 460, 477, 103 S.Ct. at
17 874 (holding that due process requires that a hearing be held within a "reasonable" time after
18 confinement to administrative segregation, and finding that five days "plainly satisfied" this
19 requirement); Carter v. Fairman, 675 F.Supp. 449, 451 (N.D.Ill.1987) (holding that even if the
20 prison disciplinary committee failed to follow a state administrative regulation requiring the
21 committee to convene within eight calendar days after commission of prison offense or its
22 discovery, the noncompliance did not of itself violate due process)).

23         Defendants also cite Jackson v. Cate, No. CV 09-01326-PSG DTB, 2010 WL
24 4668311 (C.D. Cal. Oct. 7, 2010), a case from California's Central District which notably states
25 "that to the extent plaintiff asserts that prison officials were required under California law to
26 adjudicate his RVR within 30 days . . . such assertion does not state a cognizable federal civil
27 rights claim.  Jackson v. Cate, No. CV 09-01326-PSG DTB, 2010 WL 4668311, at *14 (C.D. Cal.
28 Oct. 7, 2010), report and recommendation adopted, No. CV 09-1326-PSG DTB, 2010 WL

4644460 (C.D. Cal. Nov. 9, 2010).

The Court agrees with Defendants. As previously noted, Plaintiff has not plead sufficient facts to demonstrate (1) that his freedom has been restrained "in a manner not expected from the sentence", and (2) that the aforementioned restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 483-84 (1995). Therefore, Plaintiff has not demonstrated that he has been deprived of a liberty interest deserving of protection. Again, Plaintiff should be provided leave to amend.

Finally, Defendants contend that Plaintiff's complaint does not establish the occurrence of any constitutional violations. See ECF No. 17, pg. 9. Defendants note Plaintiff: (1) does not include allegations related to Defendant Abarca; (2) only alleges that Defendants Scotland and Johnson to have "reviewed and signed off on the results of the RVR hearing"; (3) fails to demonstrate that "Defendant Caraballo's alleged failure to 'read statements or review evidence in front of [Plaintiff]' is a constitutional violation; and (4) does not plead sufficient facts to demonstrate Defendant Caraballo was biased or predetermined the results of the RVR hearing. Id. The Court examines the claims against the four defendants, below.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Here, Plaintiff's allegations are unrelated to Defendant Abarca and, in fact, Plaintiff's complaint does not contain any allegations specific to this defendant. See ECF No. 1. Thus, the Court finds that Defendants' motion to dismiss should be granted as to Abarca.

Both Defendants Johnson and Scotland are alleged to have signed and authorized "falsified" documents relating to the RVR hearing. See ECF No. 1 pgs. 3-4. The Court has previously held that "the issuance of a false RVR or false crime report does not, in and of itself, support a claim under section 1983. Yarbrough v. Marin, No. 117CV00185BAMPC, 2017 WL 4284656, at *4 (E.D. Cal. Sept. 27, 2017); see, e.g., Ellis v. Foulk, No. 14– cv– 0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v.

McDonnell.'") (citing <u>Hanrahan v. Lane</u>, 747 F.2d 1137, 1140 (7th Cir. 1984)); <u>Solomon v. Meyer</u>, No. 11– cv– 02827– JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing <u>Chavira v. Rankin</u>, No. C 11– 5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); <u>Johnson v. Felker</u>, No. 1:12– cv– 02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989) and <u>Freeman v. Rideout</u>, 808 F.2d 949, 951– 53 (2d. Cir. 1986)).  Thus, the Court agrees with Defendants that Plaintiff fails to state a claim against Defendants Scotland and Johnson.

        The Court agrees with Defendants that Plaintiff's allegations against Defendant Caraballo are insufficient to plead a violation of Plaintiff's rights to Due Process.  As noted above, with respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.  See <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-70 (1974).  Due process is satisfied where these minimum requirements have been met, see <u>Walker v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985).

        Notably, the requirements do not require that the statements be read to Plaintiff or the evidence be reviewed with Plaintiff.  See <u>Wolff</u>, 418 U.S. at 563-70; <u>Walker</u>, 14 F.3d at 1420. Thus, this would not constitute a violation of Due Process.  Furthermore, Plaintiff does not plead sufficient facts to demonstrate Defendant Caraballo's alleged bias against Plaintiff.  See ECF No. 1, pg. 4.  Therefore, the Court agrees that Plaintiff has failed to state a claim against Defendant

Caraballo.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' unopposed motion to dismiss, ECF No. 17, be GRANTED and that this action be DISMISSED with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 6, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

11